Totten, J.,
delivered the opinion of the Court.
The action is debt on a recognizance. The recognizance was taken in the county court of DeKalb, at September Term 1849, to enforce the appearance of Charles H. Gassaway to answer a charge of bastardy, pending in that Court against him. He failed to appear and forfeitures were taken, by judgments final, against him and his bail. This action is brought in the circuit court of DeKalb, to enforce this liability. A demurrer to the declaration was sustained, and the plaintiff has appealed in error.
There are several objections to this proceeding. In the first place, the suit is for the use of Frances Bullard, who is therefore to be regarded, in our practice, as the real party, responsible for costs and entitled to the proceeds of the recovery. But we do not see, that she can by legal possibility, have or acquire any interest in this recognizance to the State. *204 It was not, in any sense, taken for her benefit, though the injured female, but to enforce the appearance of the supposed offender to answer the State’s charge against him. She could not receive payment, or give any discharge, or release, of the recognizances. They are the property of the State, and should they be enforced, the proceeds will go into its treasury.
As to the remedy for the State; we do not see in the statute defining the jurisdiction of the county court, that it has any remedial power to enforce the payment of these recognizances, though legally and properly taken before it. It has no jurisdiction of pleas or power to empannel a jury, except in specified cases, not like the present. Act 1835, ch. 18, sec. 8. Certainly the ordinary remedy is by judgment nisi, and scire facias, to show cause why the contingent and conditional liability should not be made absolute. This is an action to which defence may be made and in which a jury may be required, and therefore, it is not within the jurisdiction of the county court.
The circuit court has general jurisdiction and the action of debt will lie upon a record : it seems to us therefore, and because a right should not be without remedy, that debt will lie upon these recognizances, avering in the declaration that defendants had failed to compty with their condition. The judgments in the county court are of no validity, except as proof to show, that defendant did not appear as required by his recognizance: they are competent evidence for that purpose.
We need hardly observe, that as the basis of the scire facias is a record of the court from which it issues, that writ would be inappropriate as a remedy in the Circuit Court in the present case, the recognizances not being records of that Court: and we are not aware of any statute authorizing them to be transferred to and become a part of its records.
We consider then, that the action was well conceived, but *205 for the reasons before stated and other defects apparent in the declaration, to which we need not refer, the demurrer was properly sustained.
Let the judgment be affirmed.